IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AMELIA GAYTAN, individually and § | |
| NAOMI GARCIA as administratrix of the § | |
| Estate of ROSENDO GAYTAN, Deceased § | |
| § | CIVIL ACTION NO. |
| v. § | A-07-CA-884 LY |
| § | |
| CITY OF ROCKDALE POLICE § | |
| DEPARTMENT, MILAM COUNTY § | |
| SHERIFF'S OFFICE, MICHAEL CLORE, § | |
| BRANDON JOSEPH TESS, JAMES § | |
| WOODWARD, THEODORE § | |
| RETCHLOFF and CHRIS WHITE § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant Milam County Sheriff's Office's Motion to Dismiss, filed on November 19, 2007 (Clerk's Docket No. 8); Defendants Retchloff and White's Motion to Transfer Venue, filed on November 19, 2007 (Clerk's Docket No. 9); Defendants City of Rockdale Police Department, Brandon Joseph Tess, and James Woodward's Motion to Transfer Venue, filed on November 27, 2007 (Clerk's Docket No. 12); and Plaintiff's Response to Defendants' Motion to Transfer Venue, filed on November 30, 2007 (Clerk's Docket No. 13).

On April 28, 2008, the District Court referred the above-motions to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United

States Magistrate Judges. After reviewing the parties' briefs, relevant law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

## I.  PROCEDURAL BACKGROUND

Plaintiffs Amelia Gaytan and Naomi Garcia (as administratrix of the estate of Rosendo Gaytan) filed the instant suit against Defendants City of Rockdale Police Department, the Milam County Sheriff's Office, Michael Clore, Brandon Tess, James Woodward, Theodore Retchloff and Chris White. Plaintiffs claim, pursuant to 42 U.S.C. § 1983, that the Defendants violated Mr. Gaytan's constitutional rights as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and assaulted him while he was in their custody. Defendants seek a transfer of venue from the Austin Division of the Western District of Texas ("Austin Division") to the Waco Division of the Western District of Texas ("Waco Division") for the convenience of the parties and witnesses and in the interests of justice, pursuant to 28 U.S.C. § 1404(a). Defendant Milam County Sheriff's Office also seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose transfer, arguing that venue in the Austin Division is no less convenient to the parties and witnesses than it would be in the Waco Division.

## II.  FACTUAL BACKGROUND

This suit is based on events that took place when Rosendo Gaytan was in the custody of the City of Rockdale, Texas Police Department and Milam County Sheriff's office. In the early evening hours of October 31, 2006, Mr. Gaytan went to the Rockdale Police Department (RPD) to report a crime. Upon questioning, an RPD officer determined that Mr. Gaytan was acting paranoid, and might be intoxicated. After a field sobriety test was administered, Mr. Gaytan was allowed to leave the station, and was picked up by a friend. Later that evening, RPD received a report of a belligerent

patient at the Milam County Hospital. That patient turned out to be Mr. Gaytan. Responding RPD officers again administered a field sobriety test, and found Mr. Gaytan to be sober, although hospital staff indicated that Mr. Gaytan had complained of a racing heartbeat, high blood pressure, and possibly attempted suicide. Furthermore, hospital staff informed officers that Mr. Gaytan had traces of amphetamine in his blood. Because the hospital personnel did not believe that Mr. Gaytan's behavior merited retaining him at the hospital against his will, he was permitted to leave the hospital voluntarily, again through a ride from a friend or family member.

Not long thereafter, RPD received another report of a disturbance at the hospital by Mr. Gaytan, then a report of a stranger in a caller's backyard, and finally a call from a man at a convenience store claiming that his life was being threatened and that he needed assistance from the police. RPD officers were dispatched to the convenience store, and found Mr. Gaytan on the phone still speaking with the dispatcher. He was then taken into custody by RPD officers. After processing, Mr. Gaytan was placed in a cell with another detainee, and shortly thereafter got into an altercation with that person. In the process of breaking up the altercation, removing Mr. Gaytan from the cell, and subduing him, RPD officers "tased" Mr. Gaytan numerous times. It was determined that Mr. Gaytan needed to be transferred to a different jail, with facilities to handle a disturbed, violent detainee, and thus he was transferred to the Milam County Jail. Mr. Gaytan continued to be combative and uncooperative, and numerous officers tased and restrained him throughout the process of moving him out of the Rockdale holding facility and into the Milam County Jail. Ultimately, after being tased as many as 24 times, and restrained by numerous officers, Mr. Gaytan became unresponsive. After being admitted to a local hospital, and then to Brackenridge Hospital in Austin, Mr. Gaytan died on November 5, 2006. This suit eventually ensued.

Rockdale, Texas is located in Milam County, which is in the Waco Division. It is located approximately 72 miles from Waco using smaller, "back" roads, or 81 miles using larger highways (IH-35); it is approximately 63 miles from Austin (using the faster, less-trafficked toll roads). Cameron, Texas, the county seat of Milam County, is approximately 55 miles from Waco using the most direct, smaller highway route, and 70 miles using the IH-35 route; it is approximately 80 miles from Austin using the toll road route.[1] To its south, Milam County borders Lee County, on its west, Williamson County, and on its southeast, Burleson County. Lee, Williamson and Burleson Counties are all part of the Austin Division.

### III. MOTION TO DISMISS

Plaintiffs' Original Complaint names as a party the "Milam County Sheriff's Office." That office is not a legal entity capable of being sued. *See Guidry v. Jefferson County Detention Ctr.*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Rather, the proper party is Milam County itself. In an apparent attempt to cure this problem, after Milam County moved for dismissal, Plaintiffs amended their complaint and identified as a party "Milam County Sheriff's Department by, through and as a division of Milam County, Texas." *See* Plaintiff's First Amended Complaint at ¶ 3 (Clerk's Doc. No. 14). It is not entirely clear that this is the proper manner to sue the county, as the proper party is simply Milam County. The Court notes that Plaintiffs have named as defendants officials of the Milam County Sheriff's

---

[1] These distances were computed using Google Maps (http://maps.google.com/maps) and using as starting and ending points the relevant cities.

4

Office, and have sued them in both their individual and official capacities. The suit against these parties in their official capacities is a suit against the county. In order to clear these matters up, the Court RECOMMENDS that Plaintiffs be directed to further amend their complaint to identify as a party Milam County, and, assuming that amendment is filed, the District Court DENY Milam County Sheriff's Office's Motion to Dismiss (Clerk's Doc. No. 8). In the unlikely event Plaintiffs fail to amend their complaint, it is RECOMMENDED the District Court GRANT the Motion.[2]

### IV.  MOTIONS TO TRANSFER VENUE

Defendants request that the Court transfer this case to the Waco Division pursuant to 28 U.S.C. § 1404(a). They argue that transfer is warranted because a majority of the parties reside there, Waco is more convenient for non-party witnesses, the Waco Division has a local interest in adjudicating this case, and the operative events giving rise to Plaintiffs' claims took place there. In response, Plaintiffs argue that the Austin Division is the more appropriate venue because of the Plaintiffs' right to choose a forum, one of the Defendants lives there, Austin is more convenient for the key non-party witness, and Waco is no more convenient for the parties than Austin.

### A.     Standard of Review under § 28 U.S.C. 1404(a)

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to prevent the waste "of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary

---

[2]Plaintiffs have also named as a defendant "The City of Rockdale Police Department," rather than the City of Rockdale. This too is improper, for the reasons set forth in the text. To date, the City of Rockdale has not raised this issue. Regardless, it is also **RECOMMENDED** that the Plaintiffs be directed to correct this deficiency in their pleadings when they are correcting the deficiency regarding the naming of the Milam County Sheriff's Office as a party.

inconvenience and expense." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26-27 (1960). The decision whether to transfer a case under § 1404(a) is a matter within the district court's sound discretion. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). In considering a motion to transfer venue pursuant to § 1404(a), the district court must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). Further, courts should not transfer a case "if the only practical effect is to shift inconvenience from the moving party to the nonmoving party." *Goodman Co., L.P. v. A & H Supply Co.*, 396 F. Supp. 2d 766, 776 (S.D. Tex. 2005). It is well settled that the party seeking the transfer of venue bears the burden of demonstrating that the case should be transferred. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *In re Volkswagen of Am. Inc.,* 506 F.3d 376, 384 (5th Cir. 2007).

      **B.**      **Is the Waco Division an appropriate venue for the case?**

The first question the court must address in ruling on a motion to transfer venue is "whether the suit could have been filed originally in the destination venue." *Id*. at 380. Section 1391(b) of Title 28 of the United Stated Code provides:

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The Plaintiffs have not contested that the suit could have been filed originally in the Waco Division. A substantial part of the events or omissions alleged by the Plaintiffs and giving rise to their claims occurred there. *See* Plaintiff's First Amended Complaint at ¶¶ 14-101 (Clerk's Doc. No. 14) Also, it appears that several of the Defendants reside in the Waco Division. *See* Plaintiff's First Amended Complaint at ¶¶ 5-8 (Clerk's Doc. No. 14). Accordingly, the Court finds that this suit could have been filed in the Waco Division.

    **C.**    **Transfer Analysis**

Because this lawsuit could have been filed in the Waco Division, the Court must next focus on whether Defendants have demonstrated that the convenience of parties and witnesses requires the transfer of this action to the Waco Division. In deciding whether to transfer under this standard, the Court must consider various private and public interests in making its decision. *In re Volkswagen AG*, 371 F.3d 210, 203 (5th Cir. 2004). The private concerns include: (1) plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the place of the alleged wrong; (4) the availability of compulsory process to secure the attendance of witnesses; (5) the cost of attendance for willing witnesses; and (6) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. The public concerns are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law. *Id*.[3]

---

[3] The Fifth Circuit has specifically held that the location of counsel "is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). Accordingly, the Court will not consider this factor in its analysis.

**Private Interest Factors**

*1.   Plaintiff's Choice of Forum*

Plaintiffs argue that the Court should attribute decisive weight to the Plaintiffs' choice of forum in this case. While a plaintiff's choice of forum is clearly a factor to be considered, "it is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434. In addition, the weight to be accorded the plaintiff's choice of forum "is diminished where plaintiff brings suit outside his home forum." *Heppner v Krause Plow Corp., Inc.*, No. Civ. A. 300CV0083D, 2001 WL 124947 at * 2 (N.D. Tex. Feb. 8, 2001) (internal citations omitted). In the instant case, Plaintiffs filed suit outside their home forum, although Plaintiff Amelia Gaytan lives closer to Austin than to Waco. Likewise, while the case has some connections to the Austin Division, the operative events giving rise to the claims at issue took place in the Waco Division. Accordingly, the Court finds that this factor only weighs slightly in favor of the Plaintiffs.

*2.   The Convenience of Parties and Witnesses*

Consistent with the language of the statute, the convenience of the witnesses has often been cited as the most important factor in determining whether a case should be transferred pursuant to § 1404(a). *See Cont'l Airlines, Inc. v. Am. Airlines, Inc.,* 805 F. Supp. 1392, 1396 (S.D. Tex. 1992); 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851 (3d ed. 2008). However, this factor does not stand alone and must be weighed against the other relevant factors. *Id.* Courts have found that the "convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Cont'l Airlines, Inc.*, 805 F. Supp. at 1396.

As noted at the outset, Rockdale and Cameron – the two cities in which the operative events giving rise to Plaintiffs' claims took place – are roughly equidistant from the cities of Waco and Austin. (Rockdale is closer to Austin, and Cameron is closer to Waco.) They are also the cities in which many of the potential witnesses reside. Defendants argue that, notwithstanding that the cities are equidistant from Austin and Waco, traveling to Waco is more convenient for the parties and witnesses, due to the traffic congestion in the Austin metropolitan area. The Court cannot agree. Anyone making the commute from Rockdale or Cameron, the seat of Milam county, to Austin should find the SH 130 toll road a rapid and convenient way to reach the U.S. Courthouse in Austin. Therefore, driving time to Austin should be similar to, or faster than, Waco even during peak traffic hours. Even if Waco were closer to both Rockdale and Cameron, the difference in distance would need to be much greater in order to be considered significantly inconvenient to the parties. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 776 (E.D. Tex. 2000) (holding that advances in transportation and communication made the 150 mile distance between Dallas and Marshall, Texas insignificant).

Defendants also argue that the Waco Division is a more convenient venue for the non-party factual witnesses who reside within that division. Where witnesses are employed by a party, "their convenience is entitled to less weight because that party will be able to compel their testimony at trial." *Gardipee v. Petroleum Helicopters, Inc.*, 49 F. Supp. 2d 925, 929 (E.D. Tex. 1999). Further, "the party seeking transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Id.* For their argument that the majority of non-party factual witnesses reside in the Waco Division, Defendants rely on the Offense Narrative prepared by the Milam County Sheriff's Office related to the arrest and detention of Mr. Gaytan.

9

*See* Affidavit of Archie Carl Pierce, attached as "Exhibit 1" to Defendants City of Rockdale Police Department, Brandon Joseph Tess, and James Woodward's Motion to Transfer Venue, at ¶ 4. This evidence is problematic for several reasons. First, the Offense Narrative contains numerous people's names, and Defendants have failed to identify which of the named individuals are witnesses, or what their testimony might be. Second, even overlooking this deficiency, it would appear that very few, if any, of the people identified in the report are not employees of Defendants Milam County and Rockdale. As noted above, the convenience of party-employed witnesses is not entitled to great weight. Finally, even if Defendants had identified non-party witnesses residing in the Waco Division, that alone would not show that the Waco Division would be materially more convenient than the Austin Division. Some areas within the Waco Division, including the City of Rockdale, are in fact closer to Austin than they are to Waco.

Moreover, Plaintiffs have demonstrated that testimony will likely be given by the Travis County Medical Examiner, and other medical professionals from Austin. Plaintiffs identify the Chief Medical Examiner, who completed the Medical Examiner Report on Mr. Gaytan, as a key witness for the issue of cause of death in this case. They also note that Mr. Gaytan was hospitalized in Austin for several days before his death, and was treated by several Austin physicians during that time. All of these parties are likely witnesses to address Mr. Gaytan's cause of death and issues which could pertain to potential damages. From this, it would appear that the only non-party witnesses properly identified by the parties reside within the Austin Division. Based on the foregoing, the Court finds that the convenience of the parties and witnesses weighs against transferring this case to the Waco Division.

3.      *Sources of Proof*

This factor has become less significant in the modern era due to advances in transportation, copying technology, and information storage. *In re Volkswagen of Am. Inc.,* 506 F.3d at 381. No party has given the Court any indication that the sources of proof in this case are so connected to one venue that it should be an issue in consideration. Likewise, the venues are so close that any relevant proof can be accessed equally in both forums. Accordingly, this factor does not weigh for or against transfer.

4.      *Place of the Alleged Wrong*

Courts have found that the place of the alleged wrong an important factor in venue determination. *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 792 (S.D. Tex. 2005). The operative events that gave rise to this claim – the alleged excessive force and assault – occurred in Rockdale and Cameron, Texas, both located within the Waco Division. While it is true that Mr. Gaytan subsequently underwent medical treatment, died, and received a post mortem examination in the Austin Division, those events are not alleged to have "given rise to the claim." There is no dispute, therefore, that the place of the alleged wrong is in the Waco Division. However, as noted earlier, from a convenience standpoint, it would be no more convenient for the parties to litigate the case in Waco than it would be in Austin. Thus, while the "place of wrong" factor weighs in favor of transferring the case, its weight is limited because it does not entail greater convenience.

Based upon the foregoing, the Court finds that the private factors weigh in favor of keeping this case in the Austin Division. The Court must now consider the public factors under § 1404(a).

**Public Interest Factors**

*1.   Local Interest*

Defendants argue that the Waco Division's local interest in adjudicating this claim should predominate. The Waco Division has an interest in adjudicating claims that affect its residents, particularly when the events giving rise to the claim occurred within the division. *Spiegelberg*, 402 F. Supp. 2d at 792. The Court finds, however, that this factor is not entitled to great weight in this case. The Waco Division is a thirteen-county division. It draws jurors from that entire area, and thus the likelihood that many potential jurors would be drawn from the mostly rural Milam County is slight. Moreover, three of the seventeen counties that make up the Austin Division border Milam County, and one would think that the residents of those counties have at least as much interest in the case as the three Waco Division counties that border Milam County. Further, given the fact that Rockdale and Cameron are roughly equal distances away from Austin and Waco, the local interest of the Waco and Austin Divisions in the events taking place in Rockdale and Cameron is not likely to be very different. Put another way, the mere happenstance that the line dividing the Austin and Waco Divisions was drawn to the south of Milam County rather than the north is not strong evidence that the local interest of the Waco Division in the events in this case is stronger than that of the Austin Division. As such, this factor weighs only slightly in favor of transferring the case.

*2.   Other Public Interest Factors*

The parties do not take issue with the remaining public factors (administrative difficulties stemming from court congestion, familiarity with governing law and avoidance of conflicts of law) in the venue analysis. The Austin Division and the Waco Division are both well-equipped to apply

the applicable law in adjudicating this case. There are no conflict of law issues in this case. Accordingly, these factors do not weigh for or against transfer.

The party seeking a transfer bears the burden of showing that "the transferee forum is clearly more convenient" than the forum chosen by the Plaintiffs. *In re Volkswagen of Am. Inc.,* 506 F.3d at 384. "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Id*. Defendants have not met their burden to show that the Waco Division is clearly the more convenient forum for the parties and witnesses, and that the interests of justice require transfer. Accordingly, the Court recommends that the District Court DENY the Defendants' motions to transfer venue.

## V. RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that Plaintiffs be directed to further amend their complaint to identify as a party Milam County, and, assuming that amendment is filed, the District Court DENY Milam County Sheriff's Office's Motion to Dismiss (Clerk's Doc. No. 8). In the unlikely event Plaintiffs fail to amend their complaint, it is RECOMMENDED the District Court GRANT the Motion.

The undersigned FURTHER RECOMMENDS that the District Court DENY Defendants Retchloff and White's Motion to Transfer Venue (Clerk's Doc. No. 9), and DENY Defendants City of Rockdale Police Department, Brandon Joseph Tess, and James Woodward's Motion to Transfer Venue (Clerk's Doc. No. 12).

## VI. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of July, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE